**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY SYKES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GALINDO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-01770-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN FOURTEEN DAYS<br><br>AND<br><br>ORDER DIRECTING CLERK<br>TO ASSIGN DISTRICT JUDGE |

　　Plaintiff Troy Sykes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 27, 2023. (ECF No. 1). Plaintiff alleged that correctional officers and other staff at Avenal State Prison (ASP) retaliated against him for filing 602 grievances. (*See generally* ECF No. 1).

　　The Court screened Plaintiff's complaint on March 28, 2024. (ECF No. 8). The Court found that only Plaintiff's First Amendment retaliation claim against Sergeant Galindo, correctional officer Martin, correctional officer Oscar Hernandez, and "supervisor free cook" Hernandez should proceed past screening. (*Id.* at 2, 7–8). The Court also concluded that

1

Plaintiff's complaint does not state a retaliation claim against Sergeant Vasquez or Sergeant Gasca. (*Id.* at 8.) Accordingly, the Court gave Plaintiff 30 days to either:

    a. File a First Amended Complaint, which the Court will screen in due course;

    b. Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed against Defendants Sergeant Galindo, correctional officer Martin, correctional officer Oscar Hernandez, and "supervisor free cook" Hernandez on a claim for retaliation in violation of the First Amendment; or

    c. Notify the Court in writing that he wishes to stand on his complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

(*Id.* at 9–10). On April 8, 2024, Plaintiff filed notice that he wants to proceed only against the defendants and on the claim that the Court found should proceed past screening; specifically, Plaintiff wishes to proceed on the First Amendment retaliation claim against Sergeant Galindo, correctional officer Martin, correctional officer Oscar Hernandez, and "supervisor free cook" Hernandez only. (ECF No. 9).

    Accordingly, for the reasons set forth in the Court's screening order that was entered on March 28, 2024 (ECF No. 8), and because Plaintiff has notified the Court that he wants to proceed only on the claim and only against the defendants that the Court found should proceed past screening (ECF No. 9), it is **RECOMMENDED** that Plaintiff's claim against for First Amendment retaliation against a retaliation claim against Sergeant Vasquez and Sergeant Gasca be dismissed.

    These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

2

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991))

IT IS SO ORDERED.

Dated: **April 10, 2024**          /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

3