UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SYKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GALINDO, et al.,<br><br>　　　　　Defendant. | No.  1:23-cv-01770-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 11.) |

　　　　Troy Sykes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff's complaint filed December 27, 2023, alleged a First Amendment retaliation claim against Sergeant Galindo, Sergeant Vasquez, Sergeant Gasca, correctional officer Martin, correctional officer Oscar Hernandez, and "supervisor free cook" Hernandez.  *See generally* Doc. 1.

　　　　The assigned magistrate judge screened the complaint on March 28, 2024, and found plaintiff stated a cognizable First Amendment retaliation claim against Sergeant Galindo, correctional officer Martin, correctional officer Oscar Hernandez, and "supervisor free cook" Hernandez.  Doc. 8 at 9.  Plaintiff was ordered to file a first amended complaint, notify the court of his willingness to proceed only on the cognizable claims identified in the screening order, or

1

1 notify the court that he wished to stand on his initial complaint. *Id.* at 9-10.  In response to the
2 court's order, plaintiff timely filed a notice indicating he wanted to proceed only on the First
3 Amendment retaliation claim against Sergeant Galindo, correctional officer Martin, correctional
4 officer Oscar Hernandez, and supervisory cook Hernandez.  Doc. 9.

5       On April 10, 2024, the assigned magistrate issued findings and recommendations,
6 recommending that plaintiff's First Amendment retaliation claim against Sergeant Vasquez and
7 Sergeant Gasca be dismissed, and that the case proceed only on Plaintiff's First Amendment
8 retaliation claim against Sergeant Galindo, correctional officer Martin, correctional officer Oscar
9 Hernandez, and "supervisor free cook" Hernandez.  Doc. 11.  The findings and recommendations
10 were served on plaintiff and notified him that any objections were to be filed within fourteen (14)
11 days after service.  *Id.* at 2.  The Court advised him that "failure to file objections within the
12 specified time may result in the waiver of rights on appeal."  *Id.* at 3, citing *Wilkerson v. Wheeler*,
13 772 F.3d 834, 838–39 (9th Cir. 2014).  No objections have been filed, and the deadline to do so
14 has expired.

15       The court subsequently issued an Order Amending Caption, correcting the names of the
16 defendants against whom Plaintiff stated a retaliation claim as Omar Galindo, Oscar Hernandez,
17 Preston Martin, and Vanessa Hernandez.  Doc. 15.

18       In accordance with 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of
19 this case.  Having carefully reviewed the matter, the court finds the findings and
20 recommendations to be supported by the record and proper analysis.

21       Accordingly, IT IS HEREBY ORDERED that:
22    1. The findings and recommendations issued on April 10, 2024 (Doc. 11), are
23      ADOPTED IN FULL;
24    2. This case shall PROCEED on plaintiff's First Amendment retaliation claim against
25      defendants Omar Galindo, Oscar Hernandez, Preston Martin, and Vanessa Hernandez;
26    3. All other claims and defendants are DISMISSED for failure to state a claim upon
27      which relief may be granted;
28    4. The Clerk of Court is directed to terminate defendants Sergeant Vasquez and Sergeant

Gasca on the docket; and

5. This action is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: May 23, 2024

_____
UNITED STATES DISTRICT JUDGE

3