UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SYKES,<br><br>   Plaintiff,<br><br> v.<br><br>GALINDO, *et al.*,<br><br>   Defendants. | Case No. 1:23-cv-01770-KES-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SET EARLY SETTLEMENT CONFERENCE AND APPOINT COUNSEL<br><br>(ECF No. 22) |

  Plaintiff Troy Sykes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court previously ordered parties to meet and confer regarding whether a settlement conference would be productive at this time. (ECF No. 21). After conferring, defense counsel has reached out to ADR Coordinator to schedule the settlement conference, and Plaintiff filed a motion asking the Court to set the conference and also to appoint counsel. (ECF No. 22).

  The Court **GRANTS** Plaintiff's motion in part, and will set this case for a settlement conference. The Court will issue a separate order specifying the date and time for the conference and detailing the pre-settlement conference procedures in due course.

  However, the Court **DENIES** Plaintiff's request for counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the

1

Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel. After the review of Plaintiff's pleadings, however, it appears that the legal issues involved are not extremely complex and that Plaintiff is able to articulate the facts underlying his claims. Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to set this case for a settlement conference is GRANTED. The Court will issue a separate order specifying the date and time for the conference and detailing the pre-settlement conference procedures.
2. Plaintiff's request to appoint counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **September 11, 2024**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE