UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SYKES,<br><br>                Plaintiff,<br><br>       v.<br><br>GALINDO, *et al.*,<br><br>                Defendants. | Case No. 1:23-cv-01770-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR A SUBPOENA<br><br>(ECF No. 33) |

Plaintiff Troy Sykes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 27, 2023. (ECF No. 1). Plaintiff alleges that correctional officers and other staff at Avenal State Prison retaliated against him for filing 602 grievances.

Along with his scheduling and discovery statement, Plaintiff also filed a Motion for Subpoena. (ECF No. 33). Plaintiff asks the Court to issue a subpoena directed at Acting Warden Williams, requesting the names of people assigned to certain positions at Avenal State Prison from June 2023 to September of 2023.

The Court declines to issue a subpoena at this time. However, with its Scheduling Order (ECF No. 36) issued on February 20, 2025, the Court opened discovery. Plaintiff may now seek discovery from Defendants. For example, as stated in the Scheduling Order, Plaintiff may serve interrogatories or requests for production of documents on Defendants asking for the relevant records. The Court notes that Defendants indicated in their Scheduling and Discovery statement

that Plaintiff may seek records regarding CDCR staff through discovery on defendants without a third party subpoena:.  (ECF No. 34 at 3) ("To the extent Plaintiff is seeking records contained within his own central file or documents regarding CDCR staff, such requests can be handled through the regular discovery process.").

Plaintiff should first direct his discovery requests to Defendants, and if they are unable to produce the discovery or raise objections that a third party subpoena is needed, Plaintiff may then request a subpoena from the Court. Procedures for requesting a subpoena are detailed in the Court's Scheduling Order:

> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena duces tecum with the Court. In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party. If the Court approves the request, it may issue Plaintiff a subpoena duces tecum, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request *only* if the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

(ECF No. 36 at 5).

Accordingly, Plaintiff's Motion for Subpoena (ECF No. 33) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:    **February 21, 2025**            /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE