UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SYKES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OMAR GALINDO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-01770-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; and<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 46) |

　　　　Plaintiff Troy Sykes is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On June 16, 2025, Plaintiff filed a motion requesting an extension of time for unidentified deadlines in this case because he believes he may be transferred to a different institution in the future and may have difficulty meeting deadlines in this case. Plaintiff also requested appointment of counsel. (ECF No. 46).

　　　　The Court will deny Plaintiff's request for extension of time. Plaintiff has not yet been transferred and appears to still have his legal property available. Moreover, Plaintiff fails to identify any specific deadline in the case that he believes he cannot meet.

　　　　Accordingly, Plaintiff's request for a general extension is denied without prejudice. If Plaintiff is transferred in the future and lacks access to his legal property, he may ask for an extension of any specific deadlines he is unable to make at that time.

1

Additionally, the Court construes Plaintiff's request for the appointment of counsel as a motion for the appointment of pro bono counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel. Plaintiff has not presented exceptional circumstances warranting the appointment of such counsel. Plaintiff does not allege that his claims are complex or that he is unable to adequately articulate his claims *pro se*. Additionally, Plaintiff has not established a likelihood of success on the merits of his case.[1]

For these reasons, IT IS ORDERED that:

1. Plaintiff's motion for extension (ECF No. 46) is DENIED without prejudice.
2. Plaintiff's motion for the appointment of pro bono counsel (ECF No. 46) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **June 23, 2025**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The request for injunctive relief will be addressed in a separate order. (ECF 46).