**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY SYKES,<br><br>              Plaintiff,<br><br>v.<br><br>GALINDO, *et al.*,<br><br>              Defendants. | Case No. 1:23-cv-01770-KES-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED**<br><br>(ECF No. 46)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Troy Sykes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 7).

      On June 16, 2025, Plaintiff filed a Motion for Extension, which contained a request for injunctive relief. For the reasons stated below, the Court recommends denying the request.

**I.    DISCUSSION**

      Plaintiff moves for "immediate injunctive relief in this matter." (ECF No. 46 at 4). Plaintiff seems to allege that he was transferred as a retaliatory action and asks the Court to stop this transfer. (*Id.* at 4). Plaintiff states that he lives seventy (70) miles from Avenal State Prison and that his mother is 74, and the distance would be hard on her. (*Id.* at 5). Plaintiff further states that he has been housed at A.S.P. for over three (3) years. (*Id.*). Plaintiff also states that he

believes a staff member at CDCR causes him safety and security issues, but is not sure who or "if they even exist." (*Id.*).

To obtain injunctive relief, a party must satisfy either the "traditional" or "alternative" standard for injunctive relief. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "A cause of action must exist before injunctive relief may be granted." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010) (internal quotation marks & citations omitted). "Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action." *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1205 (internal quotation marks & citations omitted).

The standard of review for a preliminary injunction appeal is "limited and deferential." *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). "[A] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally" and may not be granted concerning "a matter lying wholly outside the issues in the suit[.]" *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945).

Here, there is no pending claim for retaliation in this case; therefore, under the precedent stated above, Plaintiff is not able to bring a motion for injunctive relief to prevent his transfer to a different prison facility.

Furthermore, Plaintiff does not allege that any of the Defendants in this case are the ones moving him to a new facility.

Therefore, the Court finds that Plaintiff's Motion for Injunctive Relief should be denied.

## II.     CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Injunctive Relief (ECF No. 46) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed

within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 7, 2025**          /s/ *Erica P. Grosjean*
                                  UNITED STATES MAGISTRATE JUDGE