**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY SYKES,<br><br>            Plaintiff,<br><br>    v.<br><br>GALINDO, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-01770-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>Docs. 46, 49 |

Plaintiff Troy Sykes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Docs. 1, 7. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 16, 2025, plaintiff filed a motion seeking, among other things, injunctive relief in connection with an upcoming prison transfer which he views as a retaliatory action for having filed this and another lawsuit. Doc. 46. On July 7, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's request for injunctive relief be denied. Doc. 49. Specifically, the magistrate judge found that plaintiff could not bring a motion for injunctive relief to prevent his transfer to a different prison facility because there is no pending claim for retaliation in this case. *Id.* at 2. Additionally, the magistrate judge found that plaintiff did not allege that any of the defendants in this case are the ones moving him to a new facility. *Id.* The findings and recommendations were served on plaintiff at the address of record on file as of July 7, 2025, and contained notice that any objections thereto were to be filed within

1

fourteen days after service.[1] *Id.* at 2. No objections were filed and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds that the conclusion that plaintiff's request for injunctive relief should be denied is supported by the record.

The injunctive relief plaintiff seeks "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To obtain the relief he seeks, plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "The Ninth Circuit has held that 'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met.'" *Price v. Breitenbach*, No. 3:24-CV-00118-CSD, 2025 WL 1517909, at *2 (D. Nev. May 28, 2025) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)).

Moreover, as the Ninth Circuit has explained,

> there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

---

[1] Since filing the motion on June 16, 2025, plaintiff has been transferred. On July 28, 2025, plaintiff notified the Court of his new address. Doc. 50.

1     Here, plaintiff's request for injunctive relief must be denied.  As a general matter,
2 prisoners "have no constitutionally-protected liberty interest in being held at, or remaining at, a
3 given facility."  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  "However, prisoners may
4 not be transferred in retaliation for exercising their First Amendment rights."  *Price*, 2025 WL
5 1517909, at *3 (citing *Pratt*, 65 F.3d at 806; *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985);
6 *Gomez v. Vernon*, 255 F.3d 1118, 1127–28 (9th Cir. 2001)).  As the magistrate judge observed in
7 a prior order issued on June 3, 2025, this case proceeds on plaintiff's retaliation claim against
8 defendants Omar Galindo, Oscar Hernandez, Preston Martin, and Vanessa Hernandez.  Doc. 45 at
9 2; *see also* Doc. 17.  The nature and basis of that claim is more fully set forth in order screening
10 plaintiff's complaint, Doc. 8 at 7–8, but to the extent relevant here, the claim does not concern the
11 transfer plaintiff addresses in his motion for injunctive relief.

12     The complaint, which was filed on December 27, 2023, asserts that plaintiff was forced to
13 move after "a threat assessment was conducted on C-yard" due to defendants' allegedly
14 retaliatory actions.  Doc. 1 at 6.  But that move significantly predates the filing of plaintiff's
15 motion for injunctive relief.  During the pendency of this lawsuit, plaintiff appears to have only
16 been transferred to a different prison—as opposed to moved within the same prison—on one
17 occasion on or around July 28, 2025.  Doc. 50.  Plaintiff states that the reason given for that
18 transfer was "staff familiarity."  Doc. 46 at 2.  He does not connect the transfer or rationale of
19 staff familiarity to any defendant in this case.  Moreover, his contention that the transfer was
20 retaliatory is insufficiently substantiated and untethered to the retaliation claim in this case—
21 which concerns specific actions taken by defendants after plaintiff filed grievances.  In sum,
22 plaintiff has not set forth any basis to support the existence of a "relationship between the injury
23 claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."
24 *Pac. Radiation Oncology, LLC*, 810 F.3d at 636.
25 ///
26 ///
27 ///
28 ///

3

Accordingly:

1. The findings and recommendations issued on July 7, 2025, Doc. 49, are adopted;
2. Plaintiff's request for injunctive relief, Doc. 46, is denied; and
3. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 12, 2025

UNITED STATES DISTRICT JUDGE

4