IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SYKES,<br><br>Plaintiff,<br><br>v.<br><br>OMAR GALINDO, et al.,<br><br>Defendants. | Case No. 1:23-cv-01770-KES -EPG (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>REQUEST TO SEAL DOCUMENTS FOR<br>SUMMARY JUDGMENT<br>CONSIDERATION ONLY<br><br>(ECF No. 53) |

This matter is before the Court on Defendants' request to seal exhibits (ECF No. 53) filed in support of Defendants' Motion for Summary Judgment (ECF No. 52). Specifically, Defendants request to seal Exhibit A to Lt. Beas' declaration, which includes a handwritten message on a CDCR 7362- Health Care Services Request Form discovered inside a Health Care Services drop box (ECF No. 53 at 2-3) and Sections of Plaintiff's central file records deemed Confidential (*Id.* at 3), which are authenticated at Exhibit C by the Declaration of Preeti K. Bajwa and designated at Exhibits C1 and C2. Defendants assert that they produced these documents to Plaintiff pursuant to this Court's order (ECF No. 45).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point for this Court's inquiry. *Kamakana*, 447 F.3d at 1178 (citations omitted).

To overcome this strong presumption, a party seeking to seal a judicial record must meet the compelling-reasons standard by articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see Reberger v. Vern*, No. 3:17-cv-00077-MMD-WGC, 2019 WL 5889293, at *2 (D. Nev. Nov. 12, 2019) (applying compelling-reasons standard where defendants sought "to file exhibits under seal in connection with their motion for summary judgment"). The Court must "conscientiously balance" the "competing interests" of the public and the party seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (citation omitted). The determination as to what constitutes a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted).

Here, Defendants argue that "[d]isclosure of these documents would jeopardize the integrity of CDCR's investigative process, the safety of named confidential informants, the security of the institutions at which those informants are housed, and the public safety."[1] (ECF No. 53 at 2-3). Defendants argue that disclosure of these exhibits "could be used for improper purposes" and "lead to retaliation against confidential informants, threatening the safety of the informants and the institutions in which they are housed." (*Id.* at 2-3). "Disclosure would provide prison gangs and disruptive groups information regarding CDCR's investigative protocols and methods they could use to evade investigation." (*Id.* at 3). Defendants request that "these documents remain *under seal* and for *in camera review only* until this Court has issued a final ruling on Defendants' motion for summary judgment, at which point the documents should be destroyed by the Court or returned to Defendants' counsel." (*Id.* at 2 (emphasis in original)).

---

[1] Defendants have emailed to the Court's email inbox the exhibits identified in their motion to seal. *See* Local Rule 141(b).

The Court finds Defendants' asserted security concerns—that staff and inmates could be endangered were information about Exhibits A and Exhibits C1 and C2 were to be made public —to be sufficiently compelling to seal for purposes of summary judgment only. As such the Court grants Defendants' motion to seal. (*Id.*) However, this order does not preclude the Court from referencing and quoting these exhibits in its order.  To the extent these exhibits form the basis for the decision on a dispositive motion, the public's interest in the litigation would outweigh the need for safety and security.[2]  Moreover, nothing in this order governs the treatment of these documents at trial.

Accordingly, Defendants' Motion to File Records Under Seal and For In Camera Review Only (ECF No. 53) is GRANTED for summary judgment consideration only as described above.

IT IS SO ORDERED.

Dated:   **March 12, 2026**            /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court appreciates the sensitivity of certain information and will not include any unnecessary sensitive information such as the identity of non-party inmates.